DEAN MOSTOFI, PRO SE
1737 GLASTONBERRY ROAD
POTOMAC, MARYLAND 20854
TEL: (301) 867-3887
E-MAIL: dean@deanmostofi.com

2010 AUG 31  A 11: 37

CLERK US ___ COURT
DISTRICT OF NEVADA

BY_____DEPUTY

# UNITED STATE DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| | : | |
| RIGHTHAVEN LLC, | : | |
| **Plaintiff,** | : | CIVIL CASE No. 2:10-cv-1066 KJD-LRL |
| vs. | : | |
| DEAN MOSTOFI, PRO SE | : | **DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| **Defendant** | : | |
| | : | |

Defendant Dean Mostofi ("Mostofi"), hereby submits his Reply in support of his Motion to

Dismiss for lack of personal jurisdiction. This Reply is supported by the accompanying

supplemental declaration of Defendant, the exhibits attached hereto, and any oral argument the

Court may allow.

## PRELIMINARY STATEMENT

Mostofi administers a website for the purpose of sharing information relating to law,

consumer rights and the legal profession. Like many of the more than 100 other frivolous cases

filed by Righthaven, this case is based upon the posting of a single article from the Las Vegas

Review Journal ("RJ"), which was made available on RJ's own website for free to internet users

throughout the world. In fact, it was available to the entire world, for free, on the date it was

allegedly posted on Mostofi's website. The RJ even encouraged visitors to download or

distribute the article electronically via email. There was a link above the article (and there is a

link above each article on the RJ's website) that allows the article to be downloaded to the

viewer's own computer or emailed to an unlimited number of recipients. (see Defendant's Decl. ). In addition, the RJ's website does not impose any terms or conditions on the viewing copying or distributing of articles posted on the website. (see Defendant's Decl.). In short, there is nothing to indicate that the articles cannot be freely copied or distributed and, in fact, the RJ's own website encourages users to do exactly that.

In sum, the alleged infringement was technical and, because it only involved one article, de minimis at best, and because the RJ offered the article at issue for free, encouraged visitors to its website to download or email the article to others for free, and because the article continues to be available online from the RJ's own website for free, Plaintiff has suffered no damages whatsoever.

As set forth more fully below, Plaintiff has failed to sufficiently allege a *prima facie* case for the exercise of personal jurisdiction over Defendant, a Maryland resident who had no contacts with the state of Nevada before the filing of this lawsuit. Plaintiff's Opposition was not supported by any sworn testimony or authenticated evidence that controverts Mostofi's sworn declaration. Rather, Plaintiff's Opposition brief focuses on assumptions, unsupported and illogical conclusions in an attempt to convince the Court that personal jurisdiction exists over Mostofi. Plaintiff has also failed to identify a single act of infringement that occurred in Nevada.

Under these circumstances the Court should not subject Mostofi to the substantial burden and expense of jurisdictional discovery, but should instead dismiss this meritless suit outright or in the alternative, transfer the case to the U.S. District Court in Maryland.

## ARGUMENT

## I.     PLAINTIFF HAS FAILED TO ALLEGE A *PRIMA FACIE* CASE FOR THE EXERCISE OF PERSONAL JURISDICTION.

2

Plaintiff has the burden of demonstrating a *prima facie* case for the court's exercise of personal jurisdiction. *See , e.g., Butcher's Union Local No. 498 v. SDC Inc., Inc.,* 788 F.2d 535, 538 (9th Cir. 1986). "A *prima facie* case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict." *2-12 Moor's Federal Practice* – Civil § 12.31 & n. 14. That standard is met if the evidence permits only one reasonable conclusion. *See, e.g. In re Hawaii Fed Asbestos Cases,* 960 F. 2d 806, 816 (9th Cir. 1987). However, Plaintiff's jurisdictional allegations do not lead solely to the conclusion that the Court may constitutionally exercise personal jurisdiction over Mostofi. Far from it, there is no serious question that Plaintiff has failed to carry its burden.

In the Complaint, Plaintiff relied extensively on empty, conclusory allegations, unsupported by actual facts. In *Ashcroft v. Iqbal,* --- U.S. ---, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the United States Supreme Court held that a plaintiff must allege facts supporting a plausible and not merely speculative basis for relief. Plaintiff's ignores this controlling, mandatory authority from the United States Supreme Court and argues that its empty allegations are sufficient for the Court to subject Mostofi to the burden and expense of discovery and litigation in a distant forum. Plaintiff's argument is far from persuasive.  See *Iqbal,* 129 S. Ct. at 1940 ("while legal conclusions can provide a framework of a complaint, they must be supported by factual allegations").

In contrast to Plaintiff's conclusory statements, Mostofi submitted a sworn statement specifically setting forth his lack of contacts with Nevada. In his sworn affidavit, Mostofi stated that he did not purposefully direct any act towards the state or the residents of Nevada, that the website which is the subject of this action, *www.deanmostofi.com,* is not directed at the state of Nevada or its residents, and that he was not aware the purported author or owner of the alleged

copyrighted material was a resident of Nevada. (See Mostofi's Affidavit in support of his Motion to Dismiss) In response to Mostofi's sworn declaration, Plaintiff was required to "[p]resent competent evidence that [its] claims arise out of or are related to [the defendant's] forum-related activities." *Caledonian Swiss Invs. S.A. v. SPTL Ventures, LLC*, No. 3:04-cv-0275-LRH_RAM, 2006 U.S. Dist. LEXIS 19820, at *7 (D. Nev. Mar. 31, 2006); *Phillips USA v. Allflex USA*, 857 F Supp. 789, 792 (D. Kan. 1994) ("plaintiffs [were] required to produce some evidence to rebut defendant's evidence supporting its jurisdictional challenge"). *Pytlik v. Professional Resources, Ltd.*, 887 F. 2d 1371, 1376 (10th Cir. 1989) (plaintiff has the duty to support jurisdictional allegations by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading).

**Plaintiff has failed to come forth with any sworn testimony to rebut Mostofi's declaration that he did not target the Plaintiff or the residents of Nevada; that he did not know the alleged copyright holder was a Nevada resident, and that he believes the article was not sourced directly from the RJ, but rather from a third party website.** The best Plaintiff was able to do was to produce a page purportedly from Mostofi's website and a declaration by Joseph C. Chu Esq. attesting to the fact that all postings on Mostofi's website dating back to May 9, 2009 depicted the same notation: "by Dean …" Plaintiff relies on these documents to argue that Mostofi has willfully infringed the Plaintiff's copyright and that such infringement was expressly aimed at Nevada. However, these documents do not prove Plaintiff's argument, but rather they demonstrate just how weak it is. As set forth in Mostofi's declaration and as set forth more fully in his supplemental declaration, Mostofi did not willfully infringe Righthaven's alleged copyright and he certainly did not aim the alleged infringement at Nevada residents.

Plaintiff's opposition is just as filled with empty, conclusory statements and unsupported assumptions as the Complaint. Such conclusory statements and unsupported assumptions are insufficient to withstand a motion to dismiss. *See e.g. American Lan Program Inc. v. Bonaventura Uitgevers Maatschappij*, N.V., 710 F. 2d 1449, 1454 (10th Cir. 1983) (conclusory allegations in complaint and brief were insufficient to withstand motion to dismiss for lack of personal jurisdiction); *Clements v. Tomball Ford*, 812 F. Supp. 202, 204 (D. Utah 1993) (granting motion to dismiss for lack of personal jurisdiction where plaintiff failed to present evidence rebutting declaration that defendant has no direct contacts with Utah). As set forth more fully below, there is no factual basis for the Court to exercise personal jurisdiction over Mostofi.

## A.    PLAINTIFF HAS CONCEDED THAT THERE IS NO BASIS FOR THE EXERCISE OF GENERAL PERSONAL JURISDICTION

Plaintiff, by not presenting any evidence to rebut Mostofi's declaration asserting his lack of contacts with Nevada, has conceded that there is no general personal jurisdiction over Mostofi.

## B.    THERE IS NO BASIS FOR THE EXERCISE OF SPECIFIC PERSONAL JURISDICTION

The gist of Plaintiff's argument is that by merely posting the article, even though Mostofi did not specifically intend to violate the Copyright Act, sufficiently constitutes an intentional and willful act of infringement. Plaintiff argues that the Ninth Circuit's decision in *Columbia Pictures Television v. Krypton Broadcasting of Birmingham Incorporated*, 106 F. 3d 284 (9th Cir. 1997) is controlling. According to Plaintiff, the Court need not apply any "elemental or factored" analysis to determine the existence of specific personal jurisdiction. Plaintiff would

apparently have the Court disregard the Ninth Circuit's three part test for determining the existence of specific personal jurisdiction. As Plaintiff's argument goes, if willful copyright infringement and the defendant's knowledge of the Plaintiff's location in the forum state are alleged, that is all that is required. (See Plntf.'s Opp. To Def.'s Mot. To Dismiss at 4, III. 11-17.)

Plaintiff, however, misreads *Columbia Pictures*. What the Ninth Circuit actually held in Columbia Pictures was that a finding of willful copyright infringement would satisfy one element – the purposeful availment/direction element – of the Ninth Circuit's broader three part test, for the exercise of specific personal jurisdiction. Thus, even under *Columbia Pictures*, a plaintiff must still allege facts demonstrating the remaining two elements (i.e. that the plaintiff's cause of action arises out of defendant's forum contacts and that the exercise of personal jurisdiction would be reasonable). See *Columbia Pictures*, 106 F. 3d at 289 ("We use a three part test for analyzing whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the defendant must purposefully avail himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) the claim must arise out of or result from the defendant's forum related activities; and (3) the exercise of jurisdiction must be reasonable").

Moreover, *Columbia Pictures* is distinguishable from this case in that the defendant in *Columbia Pictures* had an established contractual relationship with the plaintiff and he willfully and intentionally breached the terms of that contract by broadcasting copyrighted material, after being advised his license had been revoked by plaintiff. The *Columbia Pictures* defendant, with a clear profit motive, had willfully infringed plaintiff's copyrighted content, while knowing that the infringement would injure the plaintiff in the forum state. Here, Mostofi had no intention of generating a profit by posting the article and he did not willfully target the Plaintiff for the

alleged infringement.  As stated in his motion, Mostofi's website is a passive informational site that only receives 24 visitors a day.  Mostofi did not even know Righthaven existed, and he definitely did not have any type of a relationship with Righthaven, nor with the RJ. Mostofi also did not know that the purported copyright holder was a Nevada resident. Even if, arguendo, Mostofi was aware that the Plaintiff held a copyright to the article, the posting was nothing more than untargeted negligence.

## 1.    Plaintiff has failed to show Purposeful Availment/Direction

The *Calder* effects test has not been satisfied in this case and Plaintiff has failed to establish that Mostofi purposefully availed himself of the benefits and privileges of conducting activities in Nevada. Plaintiff argues that the express aiming element is satisfied because (1) the work derived from a Nevada-based daily publication and (2) the subject matter of the alleged infringement was of interest to Nevada residents. (See Plntf.'s Opp. To Def.'s Mot. to Dismiss at 5, l. 12-14). ("the subject matter of the work is the Nevada Supreme Court's public reprimand of Las Vegas based attorney Anthony Lopez Jr.") (*Id.* at 6, 2-3). Plaintiff argues that express aiming occurs if the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. (*Id.* at 5, l. 15-16). However, the express aiming element looks at whether the defendant's tortious conduct was directed at the forum state. See *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1156 (9th Cir. 2006). The mere publication of an allegedly copyrighted article on a website, even if the effect of such action is felt in the forum state, is not sufficient to confer personal jurisdiction. See *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) ("simply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another").

7

And here, that conduct was not directed at any particular state because the article was of interest to a group of readers that reside all over the nation, and certainly not only in Nevada. The fact that the article concerns a Nevada attorney does not indicate that Mostofi expressly aimed tortious conduct at Nevada. Plaintiff is arguing that only Nevada residents can be interested in the subject matter of the article, because "Mr. Lopez Jr. (the attorney mentioned in the article) is a Nevada-based attorney" (See Plntf.'s Opp. To Def.'s Mot. to Dismiss at at 6, l. 11). Plaintiff's self-serving conclusion, however, is clearly erroneous because consumers seeking legal representation and legal professionals throughout the nation would find it interesting and newsworthy to learn that a state Supreme Court has disciplined an attorney for running false radio advertisements with the intent of defrauding the public. It is not everyday that a member of the legal profession is disbarred for misleading the public, and thus the story's subject matter was of interest to a certain group of readers in every state, to wit: legal professionals and consumers seeking legal representation who reside all over the nation. As such, the work was not of exclusive interest to Nevada residents, and contrary to Plaintiff's assertion, Mostofi never intended to entice Nevada residents to his website. (*See Id.* at 6, l. 18-19). Mostofi had no motivation or incentive for enticing Nevada residents to visit his website. As set forth in his motion, he does not conduct business through his website, his contact information is not available to the readers of the website, and he did not have business interests in Nevada. Mostofi had no reason whatsoever to expressly aim the article at Nevada residents, or to want to attract Nevada residents to visit any page of his website.

Plaintiff, in a weak attempt to bolster its position, argues that because the title of the article included the name of a city – Las Vegas – that fact by itself, regardless of the article's subject matter, is proof that the article was aimed exclusively at Nevada residents. In other words,

Plaintiff wants this Court to believe that news articles titled "New York Courthouse Attacked by Al Qaeda" or "Los Angeles Spy Ring Arrested" or "DC Lawyer Shot by Client for Losing His Case" are only of interest to residents of those respective cities and states and to no one else. Las Vegas is known worldwide as a gaming and vacation resort. Las Vegas has an exotic image, known for its glamorous casinos and hedonistic night clubs, where people from all over the world go to vacation and party. Therefore, regardless of where people live, they find stories about Las Vegas interesting to read, especially when the story involves an attorney getting caught for defrauding his clients and getting disbarred for it. It is safe to say that most legal professionals, regardless of their state of residence, would find it newsworthy when another legal professional is disbarred for false advertising. It is equally safe to say, most individuals searching for legal representation, would find it interesting and informative to read about an attorney defrauding his clients, regardless of where the attorney's practice may be located.

Plaintiff next alleges that Mostofi's express aiming at Nevada, as well as the requirement of "something more", is further established through Mostofi's claim of the work's authorship. (Plntf.'s Opp. to Defnd.'s Mot. To Dis. at 7, l. 18-25). Plaintiff argues that because the words "by Dean on April 20, 2010"appear above the posting, that is an attempt by Mostofi to claim authorship of the work. Mostofi uses Wordpress, which is a popular blog publishing platform. Whenever a posting is made on a Wordpress blog, by default, the name of the individual posting the article is inserted at the top of the web page. This does not denote the author of the posted material, but rather the identity of the poster. No reasonable reader of Mostofi's blog would think he had personally written every article posted. Indeed, the article that is the subject of this action prominently displayed the name and e-mail address of its author – Carrie Greer Thevenot. If Mostofi wanted to claim authorship of the work, as Plaintiff contends, it is reasonable to assume

he would not have published the author's name, telephone number and e-mail address so prominently.  (See Mostofi's Supplemental Declaration.)

Righthaven also argues that "individual targeting of a known forum resident, which allegedly created competition for the Plaintiff and confusion as to authorship of the text", amounts to express aiming. Here, however, there are no facts showing that Mostofi individually targeted Righthaven or the RJ. Indeed, Mostofi did not even know who Righthaven was prior to this lawsuit. (See Mostofi's Affidavit and Supplemental Declaration). Mostofi does not operate a newspaper or a copyright enforcement company. The alleged infringement certainly did not place Mostofi in competition with either Righthaven or the RJ because Mostofi does not have any contacts with Nevada.  Plaintiff has not alleged that it does any business in Maryland or that it has suffered any harm in Maryland, where Defendant resides. Moreover, Plaintiff's own sworn declaration (See Decl. of Joseph C. Chu Esq.) supports Mostofi's position that he did not individually target the Plaintiff. Mr. Chu's declaration states that every article posted on Mostofi's website, and not just the article that is the subject of this action, denotes the same individual – Dean - as its purported author. Plaintiff consequently concludes that "Dean" is the Defendant. Therefore, if we are to accept Plaintiff's contention that the name "Dean" appearing above each article identifies the purported author of the article, which Mostofi categorically denies, then logic dictates that Mostofi would have individually targeted everyone of the jurisdictions from which the articles came, which does not make sense. Plaintiff's allegations, at most, amount to untargeted negligence, rather than purposeful direction.

Plaintiff also has failed to show that Mostofi knew Righthaven would suffer harm in the forum state. Plaintiff has not presented any facts to controvert Mostofi's assertion that he had no knowledge of the purported copyright owner – Righthaven, or of Righthaven's location in

Nevada prior to the institution of this lawsuit and that he did not know the purported copyright holder was a resident of Nevada.

Finally, "in each case [ ] there [must] be some act by which the **defendant** purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denkla,* 357 U.S. 235, 253 (1958) (emphasis added). In this case there was no "purposeful" contact with Nevada.

Here, Mostofi's alleged intentional act — the purported posting of the article — was not expressly aimed at Nevada but rather the entire nation. The purpose of posting the article was to share information with legal professionals and consumers searching for legal representation, all over the nation. The article was not directed at Nevada residents, and Mostofi had no reason to believe that only Nevada residents would read it. As the court held in *Schwarzenegger*: "It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction, for Fred Martin's express aim was local. We therefore conclude that the Advertisement was not expressly aimed at California." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F. 3d 797, 802 (9th Cir. 2004). Similarly here, even if Mostofi knew that Righthaven or the RJ were residents of Nevada and that Mostofi's alleged intentional act eventually caused harm to Plaintiff in Nevada, that fact does not confer jurisdiction, because Mostofi's express aim was not Nevada.

### 2. **Plaintiff's Cause of Action Does not Arise from Nevada Contacts**.

The Court should also dismiss this case because Plaintiff has failed to show that its cause of action arises out of or is related to Mostofi's forum contacts (of which there are none). This element is not optional. "If the plaintiff fails to satisfy [it] personal jurisdiction is not established

in the forum state." *Schwarzenegger, Id.* To satisfy this element, plaintiffs must show that they would not have been injured "but for" the defendant's forum contacts. See *Menken v. Emm*, 503 F. 3d 1050, 1058 (9th Cir. 2007); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Here, Plaintiff cannot show that it would not have been injured "but for" Mostofi's contacts with Nevada. See, e.g. *Harrison v. Butler*, No 96-17086, 1997 WL 730259, at **3 (9th Cir. Nov. 24, 2007) (holding plaintiff's injuries from alleged medical malpractice did not arise "but for" defendant's contacts with Arizona where misdiagnosis occurred in Nevada, not Arizona). The article, in the case at bar, was posted from a location in Maryland, not from a location in Nevada and the posting did not target Nevada residents. Mostofi did not have any contacts with the Plaintiff or the state of Nevada and his website did not target Nevada residents. The article was not intended to be read by Nevada residents any more than it was intended to be read by residents of other states. It simply cannot be said that Plaintiff would not have been injured "but for" Mostofi's contacts with Nevada. Furthermore, Mostofi did not have any intention to generate a profit from posting the article and he did not intend to injure the Plaintiff unlike the defendant in *Columbia Pictures*.

Plaintiff has failed to demonstrate that its cause of action "arises from" Mostofi's contacts with Nevada and thus this element is not satisfied.

### 3.     The Exercise of Personal Jurisdiction Would be Unreasonable.

The exercise of personal jurisdiction over Mostofi would be unreasonable under the factors set forth in *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286 (1980). Those factors are: (1) "the burden on the defendant;" (2) "the forum state's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief;" (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;"

and (5) the "shared interest of the several states in furthering fundamental substantive social policies." *Burger King Corp.*, 471 U.S. at 477 (quoting *World Wide Volkswagen Corp.*, 444 U.S. at 292).

First, it would be unduly burdensome and expensive for Mostofi to defend this action in Nevada. Mostofi is located thousands of miles away in Maryland and he never anticipated being haled in to a Nevada court.  This factor weighs against a finding of reasonableness.

Second, Nevada's interest in adjudicating this dispute is neutral where, as here, the only interest Nevada has is the general interest every state has in providing a forum for its citizens to pursie claims against non-resident defendants. Nevada certainly has no interest in congesting the dockets of the Nevada federal courts with meritless lawsuits like this one. Thus, this facor also weighs against a finding of reasonableness.

Third, the Plaintiff's interest in obtaining convenient and effective relief weighs against a finding of reasonableness. This is not a case where there is no alternative and adequate forum. Exactly the opposite is true. Plaintiff can obtain complete and effective relief from a Maryland Court. Thus, this factor weighs against a finding of reasonableness.

Fourth, the interstate judicial system's interest in obtaining the most efficient resolution of controversies weighs against a finding of reasonableness. This factor concerns the proximity of the forum to witness and physical evidence and the Court's ability to exercise personal jurisdiction over all the parties so as to prevent piecemeal litigation in different states. Here, Mostofi is located in Maryland. His documents are located in Maryland. The alleged infringement occurred in Maryland through Mostofi's website, which is operated from Maryland. (See Mostofi's Declaration.) Maryland is, therefore, much closer to the witness and physical evidence than Nevada.

Fifth, the shared interest of the several states in furthering fundamental substantive social policies also weighs against a finding of reasonableness. This factor concerns the consideration a court should give to the substantive social policies of other states and foreign nations. In this case, Plaintiff has failed to identify any substantive social policy of Nevada that would be impinged upon or burdened by the resolution of this dispute in a Maryland court. There is also an interest shared by all states in having its citizens protected from meritless lawsuits. As a mater of social policy, a Plaintiff like Righthaven, who has not suffered any damage from the alleged infringement, and who has filed a lawsuit, not for the legitimate purpose of enforcing copyrights, but rather, to coerce a settlement as part of a massive cash grab facilitated by judicial process, should not be allowed to drag in to a distant court, an individual who never intended to profit from the alleged infringement, and who has limited resources to fight such a well funded entity, staffed by attorneys looking to squeeze as much cash as possible from anyone they can sue.

As the foregoing demonstrates, the exercise of personal jurisdiction over the Defendant in this case would be constitutionally unreasonable.

## II.     THERE IS NO NEED TO SUBJECT MOSTOFI TO THE BURDEN AND EXPENSE OF JURISDICTIONAL DISCOVERY.

"Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co.*, 453 F.3d at 1160. In order to obtain discovery of jurisdictional facts, the plaintiff must at least make a colorable showing that the court can exercise personal jurisdiction over the defendant. See, e.g. *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.C. Cal. 2007) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F. 3d 934, 946 (7th Cir. 2000)). ***However, the mere allegation***

*that the plaintiff believes discovery will enable it to demonstrate sufficient forum contacts to establish the court's personal jurisdiction is insufficient to warrant additional discovery.* See *Boschetto v. Hansing*, 539 F. 3d 1011, 1020 (9th Cir. 2008) (holding district court did not abuse its discretion be denying jurisdictional discovery where the request was based on little more than a hunch that it might yield jurisdictionally relevant facts); *Butcher's Union Local No. 498 v. SDC Inv. Inc.*, 788 F.2d 525, 540 (9th cir. 1986) ("the [plaintiffs] state only that they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction. This speculation does not satisfy the requirement that they make the 'clearest showing' of actual and substantial prejudice" resulting from a denial of jurisdictional discovery); *Home Design Servs. V. Banyan Constr. & Dev., Inc.*, 2007 U.S. Dist. LEXIS 43634 (M.D. Fla. June 15, 2007) (denying request for jurisdictional discovery based on plaintiff's unsubstantiated belief that defendants had more substantial contacts with the forum).

Here, it is not an exaggeration to state that this case borders on being frivolous. The alleged infringement was technical and *de minimis*, at best. Moreover, because the RJ offered to others for free, and because the article continues to be available online from the RJ's own website for free, Plaintiff has suffered no actual damages. However the facts are even worse because Plaintiff has failed to allege even a colorable case for the exercise of personal jurisdiction over Mostofi and has failed to allege a single uncontroverted fact that supports exercising personal jurisdiction over Mostofi, a Maryland resident who had no contacts with the state of Nevada before the filing of this lawsuit. Under these circumstances the court should not subject Mostofi to the burden and expense of jurisdictional discovery.

Plaintiff has not supported its request for jurisdictional discovery with anything other than speculation and guesswork about what jurisdictional discovery may possibly yield. Plaintiff also

alleges that jurisdictional discovery is needed to determine the number of Nevada based literary works displayed on Mostofi's website and the number of works displayed on the website specifically concerning Nevada. However, since the website is freely available to the public, Plaintiff can easily determine the abovementioned facts without having to burden Mostofi with the trouble and expense of jurisdictional discovery. Plaintiff's request for jurisdictional discovery is nothing more than a last-ditch fishing expedition made not for the purpose of advancing this case to trial, but rather, for the purpose of pressuring Mostofi to settle.

In addition, Federal Rules of Civil Procedure 26(b)(2)(C) states in part that "on motion or on its own, the court must limit the frequency or extent of discovery …. If it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." Fed R. Civ. P. 26(b)(2)(C)(iii).

All of these factors weigh against jurisdictional discovery. Plaintiff has not identified any non-speculative facts that jurisdictional discovery may reveal, has not rebutted the sworn testimony of Mostofi and has failed to make sufficient factual allegations to support its jurisdictional claims, Thus, even if Plaintiff were to prevail in this case, because Plaintiff offered the article to the world for free it has not suffered any actual damages. It would be entitled, at most, to statutory damages ranging from $750 to $30,000 (which may be reduced to $200 at the Court's sole discretion). Given the technical nature of the alleged infringement, it is doubtful that the Court would award a significant amount of statutory damages. Thus, the amount in controversy is minimal. Finally, Mostofi's website does not generate any revenue. His resources are limited and dwarfed by Righthaven's. The burden and expense of conducting jurisdictional

16

discovery far outweighs any likely benefit, especially where, as here, jurisdictional discovery is unlikely to reveal facts establishing personal jurisdiction.

Accordingly, given the paucity of the facts alleged in the Complaint and Plaintiff's failure to provide facts to support its jurisdictional claims in response to Mostofi's Motion, Defendant respectfully contends that it would be an abuse of discretion for the Court to order jurisdictional discovery.

## III. NEVADA IS NOT THE PROPER VENUE FOR THIS LAWSUIT

Plaintiff contends that the District of Nevada is the appropriate venue because "venue is proper in any district in which defendant is amenable to personal jurisdiction". Since, for all the reasons stated hereinabove, Defendant is not amenable to personal jurisdiction in Nevada, the District of Nevada is not the appropriate venue.

Plaintiff has cited *Capital Records Inc. v. Kuang Dyi Co. of RM,* for the holding that venue in copyright claims is not limited to defendant's home state or district. (See Plntf's Mot. To Dismiss, p. 14, 9,10) However, since *Capital Records* is not a Ninth Circuit case, it is not controlling. Plaintiff also cites *McGraw-Hill Companies, Inc. v. Ingenium Technologies Corp.,* (*Id*, p. 14, 17-20) for the argument that the torts of copyright and trademark infringement cause injury in the state where the allegedly infringed property is held. And again, since the citation is not a Ninth Circuit case, it is not controlling.

In order for venue to be proper, there must be personal jurisdiction over Mostofi, which, as explained above and in Mostofi's Motion, there is not.

/ / /

/ / /

/ / /

## CONCLUSION

**WHEREFORE**, for the reasons stated hereinabove, Defendant, Dean Mostofi, respectfully requests that Plaintiff's claims against him be dismissed for lack of personal jurisdiction or in the alternative this case be transferred to the District Court for Maryland.

DATED: August 29, 2010

Respectfully submitted,

Dean Mostofi, Pro se
1737 Glastonberry Road,
Potomac, Maryland 20854

18

# UNITED STATE DISTRICT COURT

## DISTRICT OF NEVADA

RIGHTHAVEN LLC,

         *Plaintiff,*

vs.

DEAN MOSTOFI, PRO SE

         *Defendant*

:

:

:

:

:

:

:

:

CIVIL CASE No. 2:10-cv-1066 KJD-LRL

**SUPPLEMENTAL DECLARATION OF DEAN MOSTOFI**
*In Support Of Defendant's Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction*

    **I HEREBY** depose and affirm, under penalty of perjury under the laws of the United States of America, that the content of the attached Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss is true and correct to the best of my knowledge.

    I further affirm:

    That I did not know of Plaintiff's existence or of its state of residence, prior to the filing of this lawsuit.

    That I did not know Righthaven was the holder of the copyright to the article that is the subject of this lawsuit.

    That I did not intend to infringe on Plaintiff's copyright and never targeted the Plaintiff or the Las Vegas Review Journal for any intentional tortious act.

    That I did not profit from the alleged infringement and never had any intention to do so.

    That I visited the Review Journal's website on August 29, 2010 and viewed the web page that displays the article that is the subject of this action. The article was available for free and there were links above the article encouraging readers to freely print and/or e-mail the article to others. I did not see any terms or conditions for downloading, printing or e-mailing the article.

    That I have never willfully targeted the residents of Nevada to read the website I administer.

    That I have never claimed authorship of the article that is the subject of this lawsuit.

    That I use Wordpress, which is a popular blog publishing platform. Whenever a posting is made on a Wordpress blog, by default, the name of the individual posting the article is inserted

at the top of the web page. This does not denote the author of the posted material, but rather the identity of the poster.

That no reasonable reader of my blog would think I had personally written every article posted. Indeed, the article that is the subject of this action prominently displayed the name and e-mail address of its author – Carrie Greer Thevenot. If I wanted to claim authorship of the work, as Plaintiff contends, it is reasonable to assume I would not have published the author's name, telephone number and e-mail address so prominently.

That I never targeted Nevada residents to read the article that is the subject of this action.

That I do not operate a newspaper or a copyright enforcement company.

That I have never competed with the Plaintiff and never intended to create competition with the Plaintiff or the RJ.

I DECLARE, under the penalty of perjury that the above declaration is true and correct and is based on my personal knowledge.

DATED: August 29, 2010

Dean Mostofi
1737 Glastonberry Road,
Potomac, Maryland 20854

20

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on August 30, 2010, a copy of Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and all attachments were sent, via U.S. mail, first class, postage prepaid to the below mentioned parties:


J. Charles Coons, Esq.
RIGHTHAVEN LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701

Attorney for Plaintiff


_____
Dean Mostofi
1737 Glastonberry Road,
Potomac, MD 20854