UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGHTHAVEN, LLC,

    Plaintiff,

v.

DEAN MOSTOFI,

    Defendant.

Case No. 2:10-CV-01066-KJD-GWF

**ORDER**

    Presently before the Court is Defendant's Amended Motion to Dismiss (#11). Plaintiff filed a response in opposition (#12) to which Defendant replied (#15).

I.  Background

    Plaintiff's complaint alleges that Defendant infringed its copyright in a newspaper article. Righthaven, LLC ("Righthaven"), a Nevada corporation, claims that Dean Mostofi ("Mostofi"), an individual residing in Maryland, reproduced and displayed on his website <deanmostofi.com> ("the Website") an article owned by Plaintiff. Defendant is the owner and registrar of the Website. Plaintiff is the owner of the copyright to the article entitled "Court reprimands lawyer of misleading ads" ("the Infringing Work" or "Work") that was published in the Las Vegas Review Journal ("LVRJ") newspaper on April 11, 2010.

On or about April 20, 2010, Mostofi displayed and continued to display the Infringing Work, under a different title. The complaint alleges that Mostofi claimed and continues to claim authorship of the Work. The Work, as displayed on the Website, contained the name of the news reporter who wrote the article and her email address and Nevada phone number. On June 24, 2010, the United States Copyright Office granted Righthaven the registration to the Work. On June 30, 2010, Plaintiff filed the present complaint. Mostofi has now moved to dismiss the action for lack of personal jurisdiction, or to transfer venue to the District of Maryland.

II. Analysis

    A.  Personal Jurisdiction

Defendant claims lack of personal jurisdiction and argues that it would be unduly burdensome to litigate in Nevada. The assertion of personal jurisdiction satisfies due process when there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). These requirements "give a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1990). General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)). Specific jurisdiction may be asserted "if the case arises out of certain forum-related acts." Id. "Whether dealing with specific or general jurisdiction, the touchstone remains 'purposeful availment' ... [to] ensure[ ] that 'a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or

"attenuated" contacts.' " Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

In this action, Plaintiff only argues that Defendant is subject to specific jurisdiction in Nevada. A district court uses a three-part test to determine whether it may exercise specific jurisdiction over a nonresident defendant: (1) The nonresident defendant must do some act or consummate some transaction within the forum, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its benefits and protections; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997).

For the first part of the Ninth Circuit's test, the "effects" test of Calder v. Jones, 465 U.S. 783, 789-90 (1983), is used to determine if the defendant purposefully availed himself of the privilege of conducting activities in the forum. "Under Calder the 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 803 (9th Cir. 2004). The Ninth Circuit found that where a defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the Central District [of California], "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1994). Adopting this reasoning, two other courts in this district recently found that it "is common knowledge that the Las Vegas Review Journal newspaper is published and distributed in Las Vegas, Nevada by the party which assigned the copyrights together with the right to seek redress for past, present, and future infringements." Righthaven LLC v. Dr. Shezad Malik Law Firm, P.C., No. 2:10-cv-0636-RLH-RJJ, 2010 WL 3522372, at *1 (D. Nev. Sept. 2, 2010); Righthaven LLC v. Majorwager.com, Inc., No. 2:10-cv-00484-GMN-LRL, 2010 WL 4386499, at *1 (D. Nev. Oct. 28, 2010) . Not only is

Defendant imputed with the common knowledge that the LVRJ newspaper is published and distributed in Las Vegas, which is in the forum state of Nevada, but the Infringing Work published on the Website demonstrates that Mostofi was aware or should have been aware that the LVRJ was the source of the Infringing Work and that it was located in Nevada, because both the reporter's email address and Nevada phone number were included in the Infringing Work. Thus, the first prong of the Ninth Circuit's three part test is satisfied.

The second prong of the test to determine whether the exercise of specific jurisdiction satisfies due process is that Plaintiff's claim must arise out of activity conducted in the forum state. That is easily satisfied as Plaintiff's claim, that Defendant allegedly infringed the copyrighted material, arose from the local publication of the article in Nevada by the LVRJ and its subsequent posting on the LVRJ's website.

Finally, under the third prong, Plaintiff must demonstrate that the exercise of jurisdiction is reasonable. "[T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his action at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." Colombia, 106 F.3d at 289(quoting Haisten v. Grass Valley Med. Reimbursement, 784 F.2d 1392, 1397 (9th Cir. 1986)(citing Burger King, 471 U.S. at 477). The five factors to consider when determining if the exercise of personal jurisdiction would be unreasonable are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. World-Wide Volkswagen, 444 U.S. at 292.

The only factor favoring Defendant is the first. It would be a substantial burden on Defendant to have to litigate in Nevada. However, all of the other factors favor Plaintiff. Arguably, the forum state has an interest in adjudicating an infringement upon a news article originated by the forum state's largest local newspaper publisher written about actions taken by the Nevada State Bar. The

Las Vegas Review Journal's subscribers are purportedly primarily residents of the forum state of Nevada and the LVRJ advertisers consist mainly of local Nevada businesses. Any infringement could reasonably be expected to affect them as well. Finally, Plaintiff has named numerous Defendants in other identical suits each from numerous other states. "The interstate judicial system would benefit from the efficient resolution of this case in the same forum as the others. This would serve fundamental substantive common social policies." Majorwager.com, 2010 WL 4386499, at *4. Accordingly, the Defendant has not overcome the presumption of reasonableness and this Court has personal jurisdiction over Defendant.

### B.  Venue

Under § 1404(a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F. 3d 495, 498 (9th Cir. 2000)(citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  When a court evaluates a section 1404(a) motion, the plaintiff's choice of forum is "entitled to 'paramount consideration' and the moving party must show that a balancing of interests weighs heavily in favor of transfer." Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev. 1985).  Accordingly, "§ 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964).  The burden is therefore on the defendant to make the strong showing that a change of venue is warranted.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2nd 834, 843 (9th Cir. 1986); Galli, 603 F. Supp. at 1262.  Finally, a decision to transfer is committed to the sound discretion of the trial court.

In assessing whether to grant a motion to transfer, the Court is presented with two questions: whether the action "might have been brought" in the proposed transferee district; and whether the transferee forum is more convenient.  See 28 U.S.C. § 1404(a).  Here, neither party disputes that this

case could have been brought in the District of Maryland. Determining whether to transfer a civil action from one forum to another "for the convenience of parties and witnesses" and in the interest of justice" requires the Court to weigh multiple factors, such as the following: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with governing law, (3) the Plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to Plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of non-party witnesses, and (8) the ease of access to sources of proof." <u>Jones</u>, 211 F.3d at 498.

Other than the cost to Defendant in litigating in this forum, no other factor favors Defendant. Given that Plaintiff's choice of forum is given paramount consideration, Defendant has not met his burden in making a strong showing that a change of venue is warranted. Accordingly, Defendant's motion to transfer venue is denied.

III.  <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendant's Amended Motion to Dismiss (#11) is **DENIED**.

DATED this 22nd day of March 2011.

_____
Kent J. Dawson
United States District Judge