# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGHTHAVEN LLC,

      Plaintiff,

v.

DEAN MOSTOFI,

      Defendant.

Case No. 2:10-CV-1066-KJD-GWF

**ORDER**

Presently before the Court is Defendant Dean Mostofi's Motion to Dismiss (#25). Plaintiff filed a response in opposition (#29), to which Defendant replied (#30).

I. Background

This dispute arises out of Defendant's alleged copyright infringing conduct. On April 20, 2010, Defendant displayed a Las Vegas Review-Journal ("LVRJ") article ("Work"), on his website, <http://www.deanmostofi.com/> ("Website"), regarding a Las Vegas, Nevada based lawyer who was reprimanded for false advertising by the Nevada Supreme Court. Defendant allegedly changed the original title of the Work: "Court Reprimands Lawyer Over Misleading Ads," to a different title: "Las Vegas Lawyer Reprimanded for False Advertising." (Complaint, ¶ 21). Plaintiff claims that this article infringes upon the copyright.

1         On June 24, 2010, approximately two months after Defendant displayed the article on his

2   website, the Work was allegedly registered with the United States Copyright Office ("USCO").

3   (Complaint, ¶ 19).

4         On or about January 18, 2010, Plaintiff and Stephens Media LLC ("Stephens Media"), the

5   original owner of the Work, entered into a Strategic Alliance Agreement ("SAA"). Plaintiff filed its

6   Complaint (#1) on June 30, 2010. Plaintiff alleges that Defendant willfully copied the Work, without

7   authorization.  Defendant raises this Motion to Dismiss for lack of subject matter jurisdiction,

8   specifically asserting Plaintiff's lack of standing to bring the claim at the time the action was filed.

9   II. Standard for Motion to Dismiss

10         In this action, "as in all actions before federal court, the necessary and constitutional predicate

11   for any decision is a determination that the court has jurisdiction- that is the power- to adjudicate the

12   dispute." Toumajian v. Frailey, 135 F.3d 648, 652 (9th Cir. 1998). The purpose of a complaint is

13   two-fold: to give the defendant fair notice of the basis for the court's jurisdiction and of the factual

14   basis of the claim. See Fed. R. Civ. P. 8; Skaff v. Meridien North Am. Beverly Hills, LLC, 506 F.3d

15   832, 843 (9th Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to

16   seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule

17   12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that

18   are sufficient to establish subject matter jurisdiction. In re Dynamic Random Access Memory

19   (DRAM) Antitrust Litigation, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the defendant is the

20   moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking

21   the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly

22   in federal court. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001) (citing McNutt v.

23   General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

24         Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to

25   the allegations in the complaint, or factual, permitting the court to look beyond the complaint. See

26   Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In a facial attack "the

1   challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke

2   federal jurisdiction." <u>Safe Air for Everyone v. Myer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004). By

3   contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves,

4   would otherwise invoke federal jurisdiction." <u>Id.</u> A factual attack made pursuant to Rule 12(b)(1)

5   may be accompanied by extrinsic evidence. <u>Whitehorn v. F.C.C.</u>, 235 F. Supp. 2d 1092, 1095-96 (D.

6   Nev. 2002) (citing <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989)). Dismissal for lack

7   of subject matter jurisdiction is proper if the complaint, considered in its entirety, fails to allege facts

8   that are sufficient to establish subject matter jurisdiction. <u>DRAM Antitrust Litigation</u>, 546 F.3d at

9   984-85.

10   <u>III. Analysis</u>

11        Section 501(b) of the 1976 Copyright Act ("Act") establishes who is legally authorized to sue

12   for infringement of a copyright:

13                 The legal or beneficial owner of an exclusive right under a copyright is
                   entitled, subject to the requirements of section 411, to institute an
14                 action for an infringement of that particular right committed while he
                   or she is the owner of it.

15   17 U.S.C. § 501(b). Therefore, to be entitled to sue for copyright infringement, the plaintiff must be

16   the "legal or beneficial owner of an exclusive right under a copyright." <u>See</u> <u>Silvers v. Sony Pictures</u>

17   <u>Entm't, Inc.</u>, 402 F.3d 881, 884 (9th Cir. 2005). If the plaintiff "is not a proper owner of the

18   copyright rights, then it cannot invoke copyright protection stemming from the exclusive rights

19   belonging to the owner, including infringement of the copyright." <u>Id.</u> (quoting 4 <u>Business and</u>

20   <u>Commercial Litigation in Federal Courts</u>, at 1062 § 65.3(a)(4) (Robert Haig ed.)).  Section 106 of the

21   Act defines and limits the exclusive rights under copyright law.[1] <u>Id.</u> at 884-85.  While these

22

23   [1] "[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the
     following: **(1)** to reproduce the copyrighted work in copies or phonorecords; **(2)** to prepare derivative works
     based upon the copyrighted work; **(3)** to distribute copies or phonorecords of the copyrighted work to the
24   public by sale or other transfer of ownership, or by rental, lease, or lending; **(4)** in the case of literary,
     musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works,
25   to perform the copyrighted work publicly; **(5)** in the case of literary, musical, dramatic, and choreographic
     works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion
26   picture or other audiovisual work, to display the copyrighted work publicly; and **(6)** in the case of sound

3

1  exclusive rights may be transferred and owned separately, the assignment of a bare right to sue is

2  ineffectual because it is not one of the exclusive rights. Id. Since the right to sue is not one of the

3  exclusive rights, transfer solely of the right to sue does not confer standing on the assignee. Id. at

4  890. Additionally, the "bare assignment of an accrued cause of action is impermissible under [the

5  Act]." Id.  One can only obtain a right to sue on a copyright if the party also obtains one of the

6  exclusive rights in the copyright. See id.

7      A. Contract Interpretation

8      Furthermore, although the Act grants exclusive jurisdiction for infringement claims to federal

9  courts, those courts construe copyrights as contracts and turn to the relevant state law to interpret

10  them. See Automation By Design v. Raybestos Products Co., 463 F.3d 749, 753 (7th Cir. 2006). The

11  question of the interpretation of the contract is a question of law. See Shelton v. Shelton, 78 P.3d

12  507, 510 (Nev. 2003). A contract is ambiguous if it is reasonably susceptible to more than one

13  interpretation. Id. A contract may be ambiguous if the paragraphs in question are reasonably

14  susceptible to different constructions or interpretations. See Agric. Aviation Eng'g Co. v. Board of

15  Clark County Com'rs, 749 P.2d 710, 712 (Nev. 1990).

16      The SAA defines the relationship between Plaintiff and Stephens Media and governs all

17  future copyright assignments between them (including the assignment at issue here). See

18  (Defendant's Motion to Dismiss, Doc. No. 25, p. 4 of 28). Plaintiff alleges that the SAA "envisions

19  an assignment to Plaintiff of all right, title, and interest in and to potential copyrighted works."

20  (Plaintiff's Opposition to Defendant's Motion to Dismiss, Doc. No. 29, p. 8 of 14). This is an

21  inaccurate conclusion. Here, the SAA is not ambiguous. The SAA expressly denies Righthaven any

22  right from future assignments other than the bare right to bring and profit from a copyright

23  infringement action.

24  ///

25  _____

recordings, to perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. §

26  106.

4

1    This notion is clearly expressed in Section 7.2 of the SAA:

2              7.2 **Despite** any such Copyright Assignment, Stephens Media shall
               **retain** (and is hereby granted by Right*haven*) an exclusive license to
3              Exploit the Stephens Media Assigned Copyrights for any lawful
               purpose whatsoever and **Right*haven* shall have no right or license to
4              Exploit or participate in the receipt of royalties from the
               Exploitation of the Stephens Media Assigned Copyrights other
5              than the right to proceeds in association with a Recovery.** To the
               extent that Right haven's [sic] maintenance of rights to pursue
6              infringers of the Stephens Media Assigned Copyrights in any manner
               would be deemed to diminish Stephens Media's right to Exploit the
7              Stephens Media Assigned Copyrights, Right*haven* hereby grants an
               exclusive license to Stephens Media to the greatest extent permitted by
8              law so that Stephens Media shall have **unfettered and exclusive**
               ability to Exploit the Stephens Media Assigned Copyrights…
9
     (Defendant's Motion to Dismiss, Doc. No. 25, Exhibit A, p. 9 of 22 (bold emphasis added,
10
     italicization in original)). It is clear from this section that Plaintiff is prevented from obtaining,
11
     having, or otherwise exercising any right other than the bare right to sue, which is expressly
12
     forbidden pursuant to Silvers. As a result, Defendant asserts that Plaintiff lacks standing to maintain
13
     this lawsuit. The Court agrees with this conclusion because it is clear that the entirety of the SAA
14
     was designed to prevent Righthaven from becoming "an *owner* of *any exclusive* right in the
15
     copyright…," Silvers, 402 F.3d at 886 (emphasis in original), regardless of Righthaven and Stephens
16
     Media's *post hoc*, explanations of the SAA's intent or later amendments.
17
              B. Amendment to the SAA
18
              Notwithstanding the actual transaction that occurred, Plaintiff argues that the amendment it
19
     executed with Stephens Media on May 9, 2011 fixes any possible errors in the original SAA that
20
     would prevent Plaintiff from having standing in this matter. Righthaven LLC v. Vote For The Worst,
21
     LLC, et al., Case No. 2:10-cv-1045-KJD-GWF (Doc. No. 41 and 42). Specifically, Plaintiff alleges
22
     that this amendment further clarifies and effectuates, "to the extent not already accomplished, what
23
     has at all times been the intent of the parties - to transfer full ownership in copyright," to Plaintiff.
24
     This amendment, however, cannot create standing because "[t]he existence of federal jurisdiction
25
     ordinarily depends on the facts *as they exist when the complaint was filed*." Lujan v. Defenders of
26

                                                        5

1    <u>Wildlife</u>, 504 U.S. 555, 571 n.4 (1992) (quoting <u>Newman-Green, Inc. v. Alfonzo- Larrain</u>, 490 U.S.

2    826, 830 (1989)) (emphasis in <u>Lujan</u>). Although a court may allow parties to amend defective

3    allegations of jurisdiction, it may not allow the parties to amend the facts themselves. <u>Newman-</u>

4    <u>Green</u>, 490 U.S. at 830. As an example, a party who misstates his domicile may amend to correctly

5    state it. This is an amendment of the allegation. However, that party is not permitted to subsequently

6    move in order to change his domicile and amend accordingly. This would be an amendment of the

7    jurisdictional facts, which is not allowed. <u>See</u> <u>id.</u> Here, Plaintiff and Stephens Media attempt to

8    impermissibly amend the facts to manufacture standing. Therefore, the Court shall not consider the

9    amended language of the SAA, but the actual assignment and language of the SAA as it existed at

10   the time the complaint was filed.

11          B. Copyright Assignment

12          Even if the Court were to consider the amendments, these cosmetic adjustments do not alter

13   the fact that Plaintiff has failed to sufficiently allege whether or not Stephens Media *assigned* the

14   copyrighted Work to Righthaven pursuant to the SAA, as amended or not.

15          Pursuant to Section 3.1 of the SAA, Stephens Media retains the right to assign copyrights that

16   it owns and that it, among other things, considers a "material risk of infringement." Once a copyright

17   is designated as such, it is assigned to Righthaven. <u>See</u> (Defendant's Motion to Dismiss, Doc. No.

18   25, Exhibit A, p. 7 of 22). Section 7 of the SAA establishes how Stephens Media assigns copyright

19   content to Righthaven. Here, the SAA states:

20              Stephens Media shall effect the assignments to Right*haven* of
                copyrights as required by [the SAA]…by executing a **particularized**
21              **assignment** with respect to **each** copyright and each consistent with
                (and in form and substance the same as) the scope of assignment as set
22              forth in the form of copyright assignment as embodied in Exhibit 1
                (each a "Copyright Assignment"). Stephens Media shall provide
23              Notice to Right*haven* of each copyright…that is required to be the
                subject of a Copyright Assignment…by no later than five (5) Business
24              Days prior to the last day upon which each respective Copyright
                Assignment is required to be executed by Stephens Media as provided
25              in Section 3.1.

26   (Defendant's Motion to Dismiss, Doc. No. 25, Exhibit A, pp. 8-9 of 22) (Emphasis added).

1       The SAA clearly does not envision an all-encompassing assignment of all Stephens Media

2   owned copyrights, as Plaintiff alleges. The SAA sets forth guidelines for the assignment of *each*

3   copyright that Stephens Media identifies as a potential risk for infringement. Specifically, as stated

4   above, Exhibit 1 of the SAA is the legal memorialization of the terms set forth in Section 7. Through

5   this instrument, Stephens Media "transfers, vests and assigns," all copyrights requisite to have

6   Righthaven "recognized as the copyright owner of the work." Accordingly, the work must be

7   depicted as "Exhibit A," and must be attached to Exhibit 1. Plaintiff acknowledges this fact because

8   Plaintiff directs the Court to an entire section of the Opposition devoted to a "Written Assignment,"

9   yet fails to provide a copy of the Assignment to the Work in question, pursuant to the SAA.

10  Furthermore Plaintiff's reference to the <u>Vote For The Worst</u> case works against Plaintiff because it

11  provides a copy of the assignment pertaining to the work in that case. Additionally, Plaintiff

12  acknowledges that the purpose of the SAA is not to "effectuate the assignment of any work;" rather,

13  Exhibit 1 achieves this purpose. <u>See</u> (Plaintiff's Opposition to Defendant's Motion to Dismiss, Doc.

14  No. 29, p. 7 of 14).

15      <u>C. Prior Rulings within this District</u>

16      Finally, Plaintiff contends that multiple courts within this district have already determined

17  that Plaintiff has standing to bring claims for past infringement under the <u>Silver</u> standard based on

18  the plain language of the copyright assignment. Again, this Court is unable to conclude whether or

19  not the assignment confers standing upon Plaintiff because Plaintiff does not provide a copy of the

20  assignment for the Court's consideration as it did in the prior cases within this district.

21      <u>D. Plaintiff Lacks Standing to Bring this Action</u>

22      Because the SAA prevents Plaintiff from obtaining any of the exclusive rights necessary to

23  maintain standing in a copyright infringement action and because Plaintiff fails to sufficiently allege

24  an assignment of rights from Stephens Media to Plaintiff, the Court finds that Plaintiff lacks standing

25  in this case. Accordingly, the Court dismisses Plaintiff's cause of action.

26  *///*

7

IV. Conclusion

      Accordingly, IT IS HEREBY ORDERED that Defendant Dean Mostofi's Motion to Dismiss is **GRANTED**.

      DATED this 13TH day of July 2011.

 

 

 

                                       _____

                                       Kent J. Dawson
                                       United States District Judge