SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

RIGHTHAVEN LLC, a Nevada limited-liability company,

    Plaintiff,

v.

DEAN MOSTOFI, an individual,

    Defendant.

Case No.: 2:10-cv-1066-KJD-LRL

**PLAINTIFF RIGHTHAVEN LLC'S OPPOSITION TO DEFENDANT'S MOTION FOR 14-DAY TIME IN WHICH TO FILE MOTION FOR ATTORNEY FEES**

    Plaintiff Righthaven LLC ("Righthaven") hereby opposes Defendant Dean Mostofi's ("Defendant") Motion For 14-Day Enlargement of Time in Which to File Motion for Attorneys Fees (the "Motion", Doc. # 37.) Defendant's Motion apparently seeks to apply for the recovery of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2) ("Rule 54(d)(2)"), LR 54-16, and 17 U.S.C. § 505 ("Section 505"). (Doc. # 37 at 2.)

    Defendant's request is laughable. First, as the Court should most certainly recall, Defendant represented himself on *pro se* basis throughout this case. Despite this fact, Defendant, who is now appearing through recently retained out-of-state and local counsel, apparently wants to request an award for "legal consulting" costs. (*Id.*) Defendant makes his Motion on the very last day to apply for attorneys' fees and costs, assuming he incurred these expenses despite his *pro se* status. In fact, Defendant's recently retained out-of-state counsel's efforts to secure the requested extension from Righthaven's counsel consisted of two or three cryptic e-mails and failed to convey which action (given that Righthaven has re-filed a Complaint against

1

Defendant) he was requesting the extension of time and for what purpose and grounds and motion would be based.  Rather than answer these simple questions, Defendant's counsel simply filed the Motion and placed the blame on Righthaven's counsel's failure to convey his position.

The puzzling circumstances behind this last minute appearance through counsel and the questionable basis for seeking the recovery of legal consultation and other expenses, the Court dismissed this case without prejudice for lack of subject matter jurisdiction.  (Doc. # 34.) Dismissal for lack of subject matter jurisdiction completely divests the Court of the power to grant Defendant's Motion or take any further action. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577 (1999) ("[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."); *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) (noting a court's statutory or constitutional power to adjudicate the case must generally be decided before the merits); *Wilbur v. Locke,* 423 F.3d 1101, 1106 (9th Cir. 2005); *Orff v. United States,* 358 F.3d 1137, 1149 (9th Cir. 2004) (rulings on the merits vacated "as nullities" absent subject matter jurisdiction); *Wages v. IRS,* 915 F.2d 1230, 1234 (9th Cir.1990); *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380-81 (9th Cir. 1988) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss' . . . .") (internal citations omitted).  Accordingly, the Court has no power to grant Defendant's request for an enlargement of time because it has determined that it lacks requisite subject matter jurisdiction over this case.

More specifically, even if the Motion were granted, the Court cannot grant Defendant his request for the recovery of legal consulting and other expenses due to the lack of subject matter jurisdiction.  Numerous courts from a variety of jurisdictions have held that there cannot be an award of attorneys' fees unless the court has jurisdiction over the action. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("[T]he court having determined that it lacks subject matter jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); *Hudson v. Principi,* 260 F.3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action."); *W.G. v. Senatore,* 18

F.3d 60, 64 (2d Cir. 1994) ("Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law 'that lack of jurisdiction bars and award of attorneys fees under [42 U.S.C. §] 1988.") (internal brackets omitted); *United States v. 87 Skyline Terrace,* 26 F.3d 923, 927 n.6 (9th Cir. 1994) (listing cases holding that "subject matter jurisdiction is a condition precedent to an award of fees under the EAJA"); *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir. 1995) (declining to confer prevailing party status under 42 U.S.C. § 1988 where subject matter jurisdiction was lacking); *Clark v. Busey,* 959 F.2d 808, 810 (9th Cir. 1992) ("Subject matter jurisdiction to decide the merits of the underlying action is a condition precedent to an award of fees or costs under the EAJA." (internal quotations omitted); *Johnson-Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed. Cir. 1989) (finding a lack of subject matter jurisdiction barred fee award); *Lane v. United States,* 727 F.2d 18, 20-21 (1st Cir. 1984) (determining that a want of subject matter jurisdiction precluded an award of fees).

In fact, entry of an award of attorneys' fees and costs would be vacated as a nullity given the Court's lack of subject matter jurisdiction. As stated by the Ninth Circuit:

> If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss . . . . If jurisdiction was lacking then the court's various orders . . . were nullities.

*Morongo Band of Mission Indians,* 858 F.2d at 1380-81; *accord American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18 (1951) (requiring a district court to vacate judgment after having determined that the district court lacked subject matter jurisdiction over the suit); *see also United States v. 51 Pieces of Real Prop., Roswell, N.M.,* 17 F.3d 1306, 1309 (10th Cir. 1994) ("[A] judgment is void if the court that enters it lacks jurisdiction over . . . the subject matter of the action."); *Peralta Shipping Corp. v. Smith & Johnson (Shipping) Corp.,* 739 F.2d 798, 804 n.6 (2d Cir. 1984) ("[A] judgment entered by a court lacking in subject matter jurisdiction may not stand.").

While additional controlling authority exists as to Defendant's inability to recover the relief his apparently wants, Righthaven will address those matters should the Court somehow conclude it has authority, despite lacking subject matter jurisdiction, to grant the Motion. In fact,

3

1 given the Defendant's serial plagiarism of filings from other actions in this District, it would at least be entertaining to hear the amount of and the basis for the legal consulting fees paid by him while litigating this case on a *pro se* basis.

Righthaven asks the Court to examine its authority to grant the Motion in view of its decision to dismiss this case without prejudice for lack of subject matter jurisdiction.  When this examination in done, Righthaven believes the Court will properly conclude that it does not have power to grant the enlargement of time requested by Defendant.  Moreover, Righthaven further believes the Court will appreciate, in view of the above-cited cases, that even if the Motion were granted, it has no authority to grant any substantive relief alluded to in the Defendant's Motion.

Dated this 28th day of July, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 28th day of July, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.